# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| SANDRA WASDIN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | 5:05-cv-340 (DF) |
| | : | |
| CHEETAH TRANSPORTATION, LLC; | : | |
| ALLEN WATTS; and CLARENDON | : | |
| NATIONAL INSURANCE COMPANY, | : | |
| | : | |
| Defendants. | : | |

## O R D E R

Before the Court is Plaintiff's Motion to Amend her Complaint (doc. 18). Plaintiff seeks to amend her original complaint to add punitive damages claims against Defendants Cheetah Transportation, LLC and Allen Watts. After considering both Plaintiff's initial and supplemental briefs (docs. 18 and 20), as well as Defendants' brief in opposition (doc. 19), this Court sets forth its findings below.

### Facts

This case is a diversity action that arose out of a vehicle collision between Plaintiff and Defendant Allen Watts. Plaintiff filed her complaint on September 19, 2005, and a Scheduling & Discovery Order (doc. 12) was entered on December 12, 2005. Due to a number of difficulties experienced by both parties, the original Scheduling & Discovery Order was amended through consent motions, and deadlines were extended on three separate occasions. Additionally, Defendants–on their own–sought, and were granted, an extension of time to file discovery. Presently, discovery is scheduled to be completed on December 18, 2006, with dispositive motions to be filed no later than February 2, 2007. Still pending, however, is Plaintiff's motion to amend her

complaint. The original deadline for motions to amend–set in the Court's original Scheduling & Discovery Order–elapsed on January 19, 2006. To be sure, the Court has modified the Order on a number of occasions; however, the only deadlines explicitly extended applied to the completion of discovery and filing of dispositive motions; technically, Plaintiff's motion to amend falls into neither of the two categories (although the deadline for motions to amend is typically 30 days before the discovery completion deadline). This distinction is important, because if Plaintiff's motion is treated as complying with the Court-mandated deadlines, Rule 15 of the Federal Rules of Civil Procedure applies, but if the motion is deemed to be in violation of the scheduling order, Rule 16 applies.

## Discussion

In light of the amended Scheduling & Discovery Order, the timing of Plaintiff's motion to amend requires the Court to address multiple provisions of the Federal Rules of Civil Procedure. Rule 15 grants parties the power to amend their pleadings at various stages of litigation, subject to the extensive discretion of the Court. Fed. R. Civ. P. 15. While not cited by the parties in their briefs, Rule 16 must be considered in determining the propriety of Plaintiff's motion to amend. Rule 16, more difficult to satisfy than Rule 15, governs the scheduling of discovery and any modifications to the scheduling order. Fed. R. Civ. P. 16. Because Plaintiff seeks to amend her complaint after the deadline set forth in the Scheduling and Discovery Order, the Court must first analyze Plaintiff's motion under the stricter Rule 16 framework. If Plaintiff's motion can satisfy the Rule 16 requirements, then, *a fortiori*, it should be granted if the Court deems an amendment to be proper under Rule 15.

The Eleventh Circuit, in *Sosa v. Airprint Systems*, addressed the interplay between Rules 15 and 16 with respect to a motion to amend a complaint. See **Sosa v. Airprint Sys.**, 133 F.3d 1417,

1419 (11th Cir. 1998). Sosa filed for leave to amend her complaint to add an additional defendant after the time prescribed by the district court's scheduling order, and the district court denied her motion. On appeal, the Eleventh Circuit affirmed, holding that Rule 16's "good cause" standard must be satisfied when the filing of the motion violates the deadlines established in the scheduling order. *Id.* Only after a finding of good cause can a court apply Rule 15's more generous "freely given" standard. *Id.* ("[B]ecause [Plaintiff's] motion to amend was filed after the scheduling order's deadline, she must first demonstrate good cause under Rule 16(b) before [the court] will consider whether amendment is proper under Rule 15(a).").

**<u>Rule 16</u>**

Rule 16 requires a district court to enter a scheduling order that dictates the time within which the parties must join additional parties, file motions, and complete discovery. Fed. R. Civ. P. 16(b). "A schedule shall not be modified except upon a showing of good cause and by leave of the district judge . . . ." *Id.* "*This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'*" *Sosa*, 133 F.3d at 1418 (citing Fed. R. Civ. P. 16 advisory committee's note) (emphasis added). In finding a lack of diligence on behalf of the plaintiff, the *Sosa* court highlighted three aspects of the plaintiff's prosecution of her claim and subsequent motion to amend: the failure to ascertain information before filing suit, the disregard of available information, and the approximate six month delay in utilizing information made available through interrogatory responses.

Here, unlike the plaintiff in *Sosa*, there was no discernible lack of diligence on the part of Plaintiff in pursuing her claim. Sosa sought to amend her complaint to avoid dismissal for lack of subject matter jurisdiction. The information she attempted to add through her motion was available

3

before the suit was even filed, and was also revealed through interrogatory responses. Even after being apprised of the information several weeks before the deadline to amend her complaint, Sosa waited almost six months thereafter to file her motion to amend. Conversely, Plaintiff in the case at bar is seeking to add additional claims to a suit that is properly before this court. The additional claims are based on information which was not available to Plaintiff before she filed suit. Moreover, Defendants' interrogatory responses did not reveal this information; it was not until Defendants' deposition testimony–testimony that conflicted with interrogatory responses–that Plaintiff was aware of the factual basis to support a punitive damages claim.

Admittedly, the issue of delay raised by the Defendants is of legitimate concern. The deadline for motions to amend, established in the Scheduling & Discovery Order, has technically elapsed. However, the Scheduling & Discovery Order and the original deadlines have been extended repeatedly by this Court. Defendants concede this point, but nonetheless argue that Plaintiff delayed in seeking to amend her complaint because she was aware of the newly discovered information several months before filing her motion. With respect to this contention, the Court is inclined to side with Plaintiff, who avers–without objection–that the delay would not have occurred had Defendant been candid at the outset of discovery. Plaintiff cited numerous instances where Defendants' responses to initial interrogatories differed from their deposition testimony. This Court agrees with Plaintiff's contention that Defendants should not be able to avoid defending against punitive damages claims when they were less than forthcoming at the outset of discovery. Accordingly, this Court finds the "good cause" standard required by Rule 16(b) for scheduling order modification satisfied. Having concluded that Plaintiff has satisfied the Rule 16 requirement, this Court must now look to Rule 15 to determine whether the amendments sought to be made to the

4

Complaint are appropriate.

**<u>Rule 15</u>**

A party seeking to amend his or her complaint, after a responsive pleading has been filed, may do so under Rule 15 "by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Court has "extensive discretion to decide whether to grant leave to amend after the time for amendment as a matter of course has passed." **Hargett v. Valley Fed. Sav. Bank**, 60 F.3d 754, 761 (11th Cir. 1995).

The Court's discretion is guided by several considerations spelled out by the Supreme Court in **Foman v. Davis**, 371 U.S. 178 (1962). Of significant importance is whether "the facts and circumstances relied upon by [the party seeking leave to amend] may be a proper subject of relief." *Id.* at 182. If relief would not be available under the legal claim asserted by the moving party, amending the complaint would be futile, and denying leave to amend would be within the Court's discretion. *See* **Halliburton & Assoc. v. Henderson, Few & Co.**, 774 F.2d 441, 444 (11th Cir. 1985); *see also* 6 Charles A. Wright et al., Federal Practice and Procedure § 1486 (2d ed. 1990) ("If the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend.").

In the case at bar, Plaintiff has satisfied the *Foman* considerations with regard to her motion to amend her complaint. First, Plaintiff has proffered sufficient evidence of a viable punitive damages claim. "Punitive damages may be awarded only in such tort actions in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of *conscious indifference to consequences*." O.C.G.A. § 51-12-5.1 (emphasis added). In her Motion

to Amend, Plaintiff contends–without objection–that Defendant Cheetah Transportation had reason to know of co-Defendant Allen Watts's propensity to operate his vehicle in an impaired manner by driving excessive hours, a claim that could not have been properly pled based on Defendants' initial interrogatory answers.

Another consideration is the motives, methods, and impact the amendment will have on the movant's opponent. "In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be 'freely given.'" **Foman**, 371 U.S. at 182, *cited in* **Hargett**, 60 F.3d at 761.

This Court can find no discernible prejudice that will result if Plaintiff amends her Complaint. The Court is convinced that the amended provisions of the Complaint will come as no surprise to Defendants, considering it was their own deposition testimony that provided support for the punitive damages claims. Further, by filing a Motion to Extend Discovery (doc. 23), Defendants apparently anticipated an amendment to the Complaint.

## Conclusion

WHEREFORE, Plaintiff's Motion to Amend her Complaint (doc. 18) to add a punitive damages claim against Defendants Cheetah Transportation and Allen Watts is hereby **GRANTED**. Plaintiff shall have ten (10) days to file her amended complaint. In light of the numerous extensions to the Scheduling & Discovery Order already granted, the Court assumes that no further motions to extend will be filed. The parties should take note that the Court will not look favorably upon another attempt to extend the discovery completion and dispositive motion deadlines. Following

6

the expiration of discovery on December 18, 2006, the Court fully expects the parties to either file dispositive motion(s) or prepare for trial.

SO ORDERED, this 7th day of December, 2006.

/s/ *Duross Fitzpatrick*
DUROSS FITZPATRICK, JUDGE
UNITED STATES DISTRICT COURT

DF/cbb